# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVELYN HODSON,  :

             Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

             Defendant.  :

Case No. 3:08-cv-318

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence

is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a.

2

With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national

economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff protectively filed applications for SSD and SSI on July 3, 2003, alleging disability from September 30, 2002, due to depression. (Tr. 66-68; 198-99; 77-86). Plaintiff's applications were denied initially and on reconsideration. (Tr. 45-48, 50-52; 201-04, 206-08). A hearing was held before Administrative Law Judge Thaddeus Armstead, (Tr. 215-16), who determined that Plaintiff is not disabled. (Tr. 20-37). The Appeals Council denied Plaintiff's request for review, (Tr. 5-9), and Judge Armstead's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Armstead found that Plaintiff met the insured status of the Act through September 30, 2003. (Tr. 36, finding 1). Judge Armstead also found that Plaintiff has severe depressive disorder and bipolar syndrome, but that she does not have an impairment or combination of impairments that meets or equals the Listings. *Id.,* finding 3. Judge Armstead then found that Plaintiff has the residual functional capacity to perform a limited of range of work at any defined level of exertion ranging from sedentary to very heavy. *Id.,* finding 5. Judge Armstead then used section 204.00 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 37, findings 10, 11). Judge Armstead concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 37).

Examining psychologist Dr. McIntosh reported on October 14, 2003, that Plaintiff took medication in an effort to treat her mood disorder, had just started to see psychiatrist Dr. Rahman, was formerly treated by her family physician, has never been psychiatrically hospitalized, and had some counseling in the past related to sexual abuse by her step-father. (Tr. 119-23). Dr.

4

McIntosh also reported that Plaintiff quit school in the 9th grade, was slightly overweight, maintained a fairly composed and appropriate affect during the evaluation, seemed near tears on a couple of occasions, and that her overall mood was depressed. *Id.* Dr. McIntosh noted that Plaintiff displayed no specific signs of anxiety, was oriented, had no lapses in alertness or periods of mental confusion, had no flight of ideas, tangential nor circumstantial thought processes, and that she was neither preoccupied or obsessed. *Id.* Dr. McIntosh also noted that Plaintiff had some degree of insight into the sources of her anxiety and depression, and that her diagnosis was major depression, recurrent, moderate to severe, and that her GAF was 49. *Id.* Dr. McIntosh opined that Plaintiff's ability to carry out one or two-step job instructions appeared to be moderately impaired, her ability to interact with others was mildly to moderately impaired, her ability to maintain concentration and attention sufficient to perform simple repetitive tasks was minimally impaired, and that her ability to withstand the stress and pressure of day-to-day work activity is moderately to severely impaired. *Id.*

Plaintiff first sought mental health treatment from psychiatrist Dr. Rahman on October 8, 2003, and she continued to receive treatment from him through at least March 3, 2006. (Tr. 151-90). Dr. Rahman noted on April 12, 2005, that when he initially saw Plaintiff she reported symptoms of depression dating back even to her teenage years, that there were times when she felt suicidal, and that she had feelings of helplessness, hopelessness, and worthlessness. *Id.* Dr. Rahman also noted that Plaintiff reported her step-father molested her from ages ten to 14. *Id.* Dr. Rahman reported that Plaintiff maintained good eye contact, was quite cooperative, displayed some psychomotor agitation, was quite fidgety at times, and displayed no evidence of psychotic behavior. *Id.* Dr. Rahman identified Plaintiff's diagnosis as bipolar disorder and determined that her GAF was

50-60.  *Id.*  Dr. Rahman opined that Plaintiff was able to work under limited circumstances only part-time, that she was not able to withstand the pressures of a full-time job because she tended to decompensate, and that she could not perform jobs that involved personal interaction.  *Id.*  Dr. Rahman opined further that Plaintiff had moderate restrictions of activities of daily living, marked difficulties in maintaining social functioning, marked deficiencies in concentration, and had three or more episodes of deterioration.  *Id.*

On March 2, 2006, Dr. Rahman reported that he continued to feel that Plaintiff was suffering from mood swings, considerable anxiety and depression, racing thoughts, distractability, insomnia, and impaired concentration, that she would not be able to function in any meaningful capacity because she had a tendency to decompensate when subjected to "customary work pressures", and that her emotional lability made her quite unpredictable. (Tr. 196-97).  Dr. Rahman also reported that he strongly believed Plaintiff continued to be disabled.  *Id.*

A medical advisor (MA) testified at the hearing that the record was very limited, that there is no indication that Plaintiff has been receiving treatment from a therapist, that Dr. Rahman is not saying that Plaintiff cannot work and is giving her a 50 to 60 GAF, and that her stressors have been primarily psychosocial stressors.  (Tr. 227-40).  The MA testified further that Plaintiff did not meet or equal the Listings, that she passed whatever training she needed to drive the school bus, that there is no documentation in the record that Plaintiff decompensates, or that she required hospitalization or emergency room treatment.  *Id.*  The MA testified additionally that Plaintiff should be limited to low stress simple work involving no working with the public.  *Id.*

In her Statement of Issues, Plaintiff alleges that the Commissioner erred by rejecting Dr. Rahman's opinion and by rejecting her allegations of the side effects of her medication.  (Doc.

6

9).

In general, the opinions of treating physicians are entitled to controlling weight. *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 540 (6th Cir. 2007), *citing, Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997) (citing 20 C.F.R. § 404.1527(d)(2) (1997)). In other words, greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians. *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242, (6th Cir. 2007), citing *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Cruse,* 502 F.3d at 540 (alteration in original) (quoting 20 C.F.R. § 404.1502). However, a treating physician's statement that a claimant is disabled is of course not determinative of the ultimate issue. *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight if it is well supported by medically acceptable clinical and laboratory techniques and it is not inconsistent with the other substantial evidence in the record. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284 (6th Cir. 1994).

The reason for the "treating physician rule" is clear: the treating physician has had a greater opportunity to examine and observe the patient. *See, Walker v. Secretary of Health and Human Services,* 980 F.2d 1066, 1070 (6th Cir. 1992). Further, as a result of his or her duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians. *Id.* (citation omitted).

In rejecting Dr. Rahman's opinion, Judge Armstead determined that it was not

supported by the substantial evidence and was inconsistent with the other evidence of record. (Tr. 28-29). This Court agrees.

First, as noted above, Dr. Rahman reported in April, 2005, that Plaintiff had moderate restrictions of activities of daily living, marked difficulties in maintaining social functioning, marked deficiencies in concentration, and had three or more episodes of deterioration. However, in contrast to Dr. Rahman's opinion, the record establishes that Plaintiff cares for her two sons ages 11 and 12, (Tr. 220), that she has not required hospitalization nor emergency room visits for psychiatric treatment. In addition, while Dr. Rahman described Plaintiff's abilities to function as moderately to markedly restricted, he nevertheless determined that she was not precluded from performing work for up to 5 hours a day, two conclusions that are internally inconsistent. Further, the record indicates that Plaintiff has received treatment from Dr. Rahman on an, at most, a monthly basis and that she has not received any other mental health treatment for her alleged marked difficulties of periods of decompensation.

Dr. Rahman's opinion is also inconsistent with the findings which Dr. McIntosh reported. Specifically, Dr. McIntosh noted that Plaintiff displayed no signs of anxiety, was oriented, had no lapses in alertness or periods of mental confusion, flight of ideas, nor circumstantial thought processes. Additionally, Dr. McIntosh determined that Plaintiff was, at worst, moderately limited in her abilities to perform work-related activities.

Finally, Dr. Rahman's opinion is inconsistent with the MA's opinions as well as with the reviewing mental health experts' opinions that Plaintiff is, at worst, moderately limited. (Tr. 135-50).

Under these facts, the Commissioner had an adequate basis for rejecting Dr.

8

Rahman's opinion.

Plaintiff argues next that the Commissioner erred by rejecting her subjective complaints with respect to the side effects from her medications.

There is absolutely no medical evidence which supports Plaintiff's allegations of disabling medication side-effects. Dr. Rahman's office notes and the medication protocol and medication log which are a part of those notes, are silent as to any complaints Plaintiff had with respect to medication side effects. Of course, in the absence of any medical evidence to support Plaintiff's subjective complaints, the Commissioner is not required to accept those complaints. Therefore, the Commissioner had an adequate basis for rejecting Plaintiff's subjective complaints with respect to medication side effects.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

June 22, 2009.

*s/ Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).